Stephen L. Nelson (SBN 074836)
Bailey & Partners, A Professional Corp.
10510 Superfortress Ave., Suite C
Mather Field, CA 95655-4155
Telephone: (916) 231-1000
Facsimile: (916) 231-2000

Attorneys for Defendants,
Pitt Helicopters, Inc. and Bruce Chapman


STEPHEN C. KENNEY (SBN 53883)
DONALD S. HONIGMAN (SBN 106914)
HARVEY T. ELAM (SBN 114796)
G. RUSSELL CLARK (SBN 144764)
KENNEY & MARKOWITZ L.L.P.
255 California Street, Suite 1300
San Francisco, CA  94111
Telephone:      (415) 397-3100
Facsimile:      (415) 397-3170

Attorneys for Defendant Eric K. Duarte
and other Releasees

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**Sacramento Division**

| | |
|---|---|
| BARBARA JERPE, individually and as Special Representative of the Heirs and Estate of CHARLES JERPE, deceased, and SARAH E. JERPE, etc., et al.,<br><br>                    Plaintiffs,<br>     vs.<br><br>AEROSPATIALE HELICOPTER CORP., etc., et al.,<br><br>                    Defendants. | NO.: CIV S-03-0555  LKK  DAD<br><br>**ORDER GRANTING MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION** |

The motion of defendants, Pitt Helicopters, Inc., Bruce Chapman and Eric Duarte came on regularly for hearing on Monday, August 1, 2005, at 10:00 a.m., in Courtroom 4 of the above entitled

court, before the Honorable Lawrence K. Karlton, Senior District Judge. The court, having read and considered the defendants' motion and the papers filed in opposition thereto, or, no opposition having been filed thereto, hereby grants defendants' motion. The settlement between the plaintiffs and defendants Pitt Helicopters, Inc., Bruce Chapman, and Eric Duarte is deemed to be a good faith settlement within the meaning of Code of Civil Procedure section 877.6 because: 1. The settlement amount is the full limit of the liability insurance policy available to the settling defendants; 2. The settling defendants have no other applicable liability insurance available to pay any judgment for damages in this action; 3. The settlement is within the "ball park" of an approximation of the settling defendants' anticipated proportionate liability for any damages which may be awarded to plaintiffs; 5. The settling defendants should pay less in settlement of the claims against them than they might be required to pay if they are found liable after a contested trial; and 6. The settlement was reached through a process of arms' length negotiation between adversaries and was not the result of any collusion, fraud, tortious or other improper conduct by the parties or their attorneys. Any claims by alleged joint tortfeasors for contribution or indemnity based on comparative negligence or comparative fault are hereby barred against the Releasees in the Settlement Agreement and Full and Final Release of All Claims that was included with the moving papers for this motion as Exhibit 3, a copy of which is attached hereto.

    IT IS SO ORDERED.

DATED: August 1, 2005

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT