UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARBARA JERPE, et al.,

          Plaintiffs,

   v.

AEROSPATIALE, et al.,

          Defendants.
                             /

NO. CIV. S-03-555 LKK/DAD

O R D E R

Plaintiffs have brought various causes of action arising out of a helicopter crash that occurred five years ago at Honey Lake. Pending before the court are two motions. First, plaintiffs request that the court modify the scheduling order to permit additional limited discovery. Second, plaintiffs move for a Daubert hearing regarding the testimony of one of their experts. For the reasons set forth below, the court denies the first motion, and continues the second motion for when defendant's motion for summary judgment is also heard.

**I. Background**

This case involves the crash of a helicopter into Honey Lake.

1

Plaintiffs allege that one of the three main rotor blades suffered a structural failure due to defects in the blade's composite material. This defect allegedly caused it to separate in flight, resulting in a loss of control.

Previously, on March 9, 2005, the court granted a motion to dismiss for lack of personal jurisdiction filed by Eurocopter. Plaintiffs appealed that dismissal, and the appeal is currently under submission. On April 26, 2006, the court issued a scheduling order, which set a discovery deadline of October 24, 2006. Because one of plaintiff's experts became ill and ultimately died, the court extended the discovery deadline until January 30, 2007. Defendant AEC filed its motion for summary judgment on February 1, 2007, and the court has stayed that motion pending resolution of the present motions before the court.

## II. Standard

A district court's pretrial scheduling order shall not be modified absent a showing of "good cause." Fed. R. Civ P. 16(b). Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id., 975 F.2d at 609. If the party seeking to modify the scheduling order was not diligent, the inquiry should end. Id.; Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1087 (9th Cir.).

2

### III. Analysis

**A. Motion to Modify the Scheduling Order**

First, plaintiffs request that the court modify the scheduling order to extend the deadline for discovery, which expired on January 31, 2007. Plaintiffs maintain that they cannot ascertan the precise nature of the alleged defects in the blade without destroying it in the process (e.g., by sawing the blade into pieces), and that they have deliberately delayed doing so because the disposition of the pending appeal may re-introduce parties to the present litigation. In short, plaintiffs allege that they delayed based on concerns of spoliation.

Plaintiffs have failed to show good cause to modify the scheduling order. Assuming, arguendo, that plaintiffs' fears of spoliation were genuine, they could have raised this issue with the court before the April 28, 2006 scheduling order. Given that the court granted the motion to dismiss in March 2005, plaintiffs could have foreseen the potential spoliation concern and raised it with the court prior to or during the scheduling conference in April 2006. Furthermore, plaintiffs could have raised the issue with the court during the most recent scheduling conference held in October 2006, when the court extended various dates in response to the death of one of plaintiffs' experts.

Instead, plaintiffs delayed until after even the close of discovery to bring their motion to modify the scheduling order. This is, as defendants point out, the antithesis of diligence. Indeed, Local Rule 6-144(d) cautions that "[r]equests for Court-

1 approved extensions brought on the required filing date for the
2 pleading or other document are looked upon with disfavor." Because
3 the court finds that plaintiffs were not diligent, "the inquiry
4 should end." Johnson, 302 F.3d at 609; see also Zivkovic, 302 F.3d
5 at 1087. Accordingly, the court denies plaintiffs' motion to
6 modify the scheduling order.

**B. Motion for Daubert Hearing**

The court continues the motion for a Rule 702 hearing for when defendant's motion for summary judgment is also heard.

### IV. Conclusion

The motion for an extension of discovery deadline (filed on February 8, 2007) is hereby DENIED.

A hearing on defendant's motion for a Rule 702 hearing (also filed on February 8, 2007) is further SET for May 7, 2007 at 10:00 a.m.

A hearing on defendant's motion for summary judgment (filed on January 31, 2007) is hereby SET for May 7, 2007 at 10:00 a.m. Opposition is due by April 12, 2007 and any reply is due by April 22, 2007.

IT IS SO ORDERED.

DATED: March 12, 2007.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4